UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:19-cv-24606

BENITO RODRIGUEZ,

    Plaintiff,

v.

RECEIVABLES OUTSOURCING, INC.,

    Defendant.
_____/

## STATEMENT OF CLAIM

Plaintiff BENITO RODRIGUEZ ("Plaintiff"), by and through undersigned counsel, files this Statement of Claim, and in support thereof, states the following:

Pursuant to Fla. Stat. § 440.13(13)(a), "[a] health care provider may not collect or receive a fee from an injured employee within this state, except as otherwise provided by this chapter. Such providers have recourse against the employee or carrier for payment for services rendered in accordance with this chapter." An employee is shielded from liability in any dispute between the employer or carrier and health care provider regarding reimbursement for the employee's authorized medical or psychological treatment. *See generally* Fla. Stat. § 440.13.

Defendant Receivables Outsourcing, Inc. ("Defendant") is a business entity engaged in the business of soliciting and collecting consumer debts, and JMG Specialty Physicians (the "Creditor"). is a provider of medical services. On or about July 07, 2018, Plaintiff suffered an accident and related injuries in the course and scope of Plaintiff's employment that required medical treatment and/or services (the "Medical Services"). At the time Creditor provided and/or rendered its respective Medical Services to Plaintiff, Plaintiff informed Creditor that the injuries for which Plaintiff required medical services, were due to an accident and subsequent injuries that

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

occurred within the course and scope of Plaintiff's employment. Creditor charged a fee for the provision of its (Creditor's) respective Medical Services (the "Consumer Debt"), but instead of billing Plaintiff's employer and/or the appropriate insurance carrier, Creditor referred the collection of the Consumer Debt to Defendant. Thereafter, Defendant-DC sent a collection letter, internally dated November 28, 2018, to Plaintiff (the "Collection Letter") in an attempt to collect the Consumer Debt. See D.E. 1-3

## COUNT I – VIOLATION OF THE FDCPA

Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. As stated above, Defendant mailed the Collection Letter to Plaintiff in an attempt to collect the Consumer Debt. Here, Plaintiff is not liable or otherwise responsible for the payment of the medical services rendered by Creditor, as such medical services were rendered to Plaintiff as a result of a work-related injury sustained by Plaintiff.

As such, by mailing the Collection Letter to Plaintiff in an attempt to collect the Consumer Debt, Defendant falsely misrepresented Plaintiff's obligation with respect to the Consumer Debt. For example, by and through the Collection Letter, Defendant wrongfully causes the least sophisticated consumer to falsely believe that he or she was responsible for the repayment of the Consumer Debt. Thus, Defendant violated § 1692e and § 1692e(2)(A) of the FDCPA by mailing the Collection Letter to Plaintiff in an attempt to collect the Consumer Debt

## COUNT II – VIOLATION OF THE FCCPA

Pursuant to § 559.72(9) of the FCCPA, in collecting consumer debts, no person shall: "[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not

legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla Stat. § 559.72(9) (emphasis added). Here, Defendant knew that the Consumer Debt was the result of an accident and injuries sustained by Plaintiff in the course and scope of Plaintiff's employment. Despite knowing that Creditor did not have any entitlement or authority to collect the Consumer Debt from Plaintiff directly, Defendant mailed the Collection Letter to Plaintiff in an attempt to collect the Consumer Debt. Thus, Defendant violated § 559.72(9) of the FCCPA by mailing the Collection Letter to Plaintiff.

Dated: December 11, 2019

Respectfully Submitted,

 /s/ Jibrael S. Hindi                          .
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:    jibrael@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:    954-907-1136
Fax:       855-529-9540

## CERTIFICATE OF SERVICE

The undersigned certifies that on December 11, 2019, the forgoing was electronically via the Court's CM/ECF system on all counsel of record.

 /s/ Jibrael S. Hindi                ____
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259